Andrew C. Schwartz (State Bar No. 64578)
**CASPER, MEADOWS, SCHWARTZ & COOK**
A Professional Corporation
2121 North California Blvd., Suite 1020
Walnut Creek, California 94596
Telephone: (925) 947-1147
Facsimile: (925) 947-1131

Karen L. Snell (State Bar No. 100266)
Attorney at Law
102 Buena Vista Terrace
San Francisco, CA 94117
Telephone: (415) 225-7592
Facsimile: (415) 487-0748

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA CRUZ DIVISION

ESTATE OF DAVID CROSS, BRITTNEY CROSS, LEROY CROSS, JEAN CROSS and GREGORY CROSS,

Plaintiffs,

vs.

SANTA CRUZ COUNTY, SHERIFF CORONER STEVE ROBBINS, individually and in his official capacity; CHIEF LEN LOZANO, individually and in his official capacity; LT. BOB PAYNE, individually and in his official capacity; SGT. ROSALES-BUIE, individually and in her official capacity; ACTING SUPERVISOR CORRECTIONAL OFFICER SCOTT ENRICO, individually and in his official capacity; CORRECTIONAL OFFICERS KENNY BESK, DANIEL FORBUS, ERIC ROLAND, NICOLE LUSTIG, RICK FLORES, CURT CORUM, and R. DALBESIO, individually; RN SUE COBURN, RN MELINDA CONSOLE, RN KATHLEEN BOLAND and CHW MARIA ALEJO, individually; and DOES 1 through 50, individually and/or in their official capacities.

Defendants.

CASE NO.: C 06-04891 RS

**COMPLAINT FOR DAMAGES**
**(Violation of Civil Rights, Wrongful Death)**

JURY TRIAL DEMANDED

## JURISDICTION AND VENUE

1.  This complaint alleges violations of the constitutional rights of DAVID

COMPLAINT
*Cross v. Santa Cruz County, et al.*

Page 1

CROSS, deceased, and of the members of his immediate family. The complaint seeks remedies pursuant to Title 42, United States Code, section 1983. Jurisdiction is conferred upon the United States District Court by Title 28, United States Code, sections 1331 and 1343. The actions giving rise to defendants' liability, as alleged in this complaint, occurred in Santa Cruz County, State of California. Venue is therefore proper in the San Jose Division of this District pursuant to Title 28, United States Code, section 1391(b), and Local Rule 3-2(e).

2. Plaintiffs hereby demand a jury trial in this action.

## IDENTIFICATION OF PARTIES

3. This action arises from the death of DAVID CROSS, deceased. DAVID CROSS died without leaving a will. To the extent this action seeks to recover damages for violations of rights personal to DAVID CROSS, this action is maintained on behalf of the ESTATE OF DAVID CROSS by his successors in interest.

4. Plaintiff BRITTNEY CROSS is the daughter of DAVID CROSS and brings this action in her personal capacity and as a successor in interest to DAVID CROSS.

5. Plaintiff LEROY CROSS is the father of DAVID CROSS and brings this action in his personal capacity.

6. JEAN CROSS is the mother of DAVID CROSS and brings this action in her personal capacity.

7. GREGORY CROSS is the brother of DAVID CROSS and brings this action in his personal capacity.

8. Defendant SANTA CRUZ COUNTY is a public entity, duly organized and existing under the laws of the State of California. SANTA CRUZ COUNTY operates under its authority the Santa Cruz County Jail.

9. At all relevant times, defendant SHERIFF-CORONER STEVE ROBBINS was the Sheriff-Coroner of Santa Cruz County. SHERIFF-CORONER ROBBINS had supervisory and policy-making authority regarding the supervision, discipline, and

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
Cross v. Santa Cruz County, et al.

Page 2

training of Correctional Officers and employees for SANTA CRUZ COUNTY. SHERIFF-CORONER ROBBINS is being sued in his individual and official capacities.

10. At all relevant times, defendant CHIEF LEN LOFANO was the Chief of the Detention Bureau of the Santa Cruz County Sheriff's Department. As Chief of the Detention Bureau, CHIEF LOFANO had supervisory authority over and responsibility for the discipline and training of Correctional Officers and employees for SANTA CRUZ COUNTY. CHIEF LOFANO is being sued in his individual and official capacities.

11. At all relevant times, defendant LT. BOB PAYNE was Lieutenant in charge of the Detention Bureau of the Santa Cruz County Sheriff's Department. As Lieutenant of the Detention Bureau, LT. PAYNE is an official with supervisory and policy-making authority regarding the supervision, discipline, and training of Correctional Officers for SANTA CRUZ COUNTY. LT. PAYNE is being sued in his individual and official capacities.

12. At all relevant times, defendant SERGEANT (SGT.) ROSALES-BUIE was a Correctional Sergeant for the Santa Cruz County Sheriff's Department. At the time of the incident giving rise to this complaint, SGT. ROSALES-BUIE was the on duty Supervisor at the Santa Cruz County Jail. In committing the acts and omissions alleged in this complaint, SGT. ROSALES-BUIE was acting under color of law and within the course and scope of her employment with the Santa Cruz County Jail and SANTA CRUZ COUNTY. SGT. ROSALES-BUIES is being sued in her individual and official capacities.

13. At all relevant times, defendant ACTING SUPERVISOR CORRECTIONAL OFFICER (ASCO) SCOTT ENRICO was a Correctional Officer for the Santa Cruz County Sheriff's Department. At the time of the incident giving rise to this complaint, ASCO ENRICO was the Acting Supervisor for the Santa Cruz County Jail. In committing the acts and omissions alleged in this complaint, ASCO ENRICO was acting under color of law and within the course and scope of his employment with

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
Cross v. Santa Cruz County, et al.

Page 3

the Santa Cruz County Jail and SANTA CRUZ COUNTY. ASCO ENRICO is being sued in his individual and official capacities.

14. At all times relevant herein, CORRECTIONAL OFFICER (CO) KENNY BESK was a Correctional Officer for the Santa Cruz County Jail. In committing the acts and omissions alleged in this complaint, CO BESK was acting under color of law and within the course and scope of his employment with the Santa Cruz County Jail and SANTA CRUZ COUNTY. CO BESK is being sued in his individual capacity.

15. At all times relevant herein, CORRECTIONAL OFFICER DANIEL FORBUS was a Correctional Officer for the Santa Cruz County Jail. In committing the acts and omissions alleged in this complaint, CO FORBUS was acting under color of law and within the course and scope of his employment with the Santa Cruz County Jail and SANTA CRUZ COUNTY. CO FORBUS is being sued in his individual capacity.

16. At all times relevant herein, CORRECTIONAL OFFICER ERIC ROLAND was a Correctional Officer for the Santa Cruz County Jail. In committing the acts and omissions alleged in this complaint, CO ROLAND was acting under color of law and within the course and scope of his employment with the Santa Cruz County Jail and SANTA CRUZ COUNTY. CO ROLAND is being sued in his individual capacity.

17. At all times relevant herein, CORRECTIONAL OFFICER NICOLE LUSTIG was a Correctional Officer for the Santa Cruz County Jail. In committing the acts and omissions alleged in this complaint, CO LUSTIG was acting under color of law and within the course and scope of her employment with the Santa Cruz County Jail and SANTA CRUZ COUNTY. CO LUSTIG is being sued in her individual capacity.

18. At all times relevant herein, CORRECTIONAL OFFICER NICK FLORES was a Correctional Officer for the Santa Cruz County Jail. In committing the acts and omissions alleged in this complaint, CO FLORES was acting under color of law and within the course and scope of his employment with the Santa Cruz County Jail and

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
Cross v. Santa Cruz County, et al.

Page 4

1  SANTA CRUZ COUNTY. CO FLORES is being sued in his individual capacity.

2  19.  At all times relevant herein, CORRECTIONAL OFFICER KURT CORUM
3  was a Correctional Officer for the Santa Cruz County Jail. In committing the acts and
4  omissions alleged in this complaint, CO CORUM was acting under color of law and
5  within the course and scope of his employment with the Santa Cruz County Jail and
6  SANTA CRUZ COUNTY. CO CORUM is sued in his individual capacity.

7  20.  At all times relevant herein, CORRECTIONAL OFFICER R. DALBESIO
8  was a Correctional Officer for the Santa Cruz County Jail. In committing the acts and
9  omissions alleged in this complaint, CO DALBESIO was acting under color of law and
10  within the course and scope of his employment with the Santa Cruz County Jail and
11  SANTA CRUZ COUNTY. CO DALBESIO is sued in his individual capacity.

12  21.  At all times relevant herein, REGISTERED NURSE SUE COBURN was
13  a Registered Nurse for the Santa Cruz County Jail. In committing the acts and
14  omissions alleged in this complaint, RN COBURN was acting under color of law and
15  within the course and scope of her employment with the Santa Cruz County Jail and
16  SANTA CRUZ COUNTY. RN COBURN is sued in her individual capacity.

17  22.  At all times relevant herein, REGISTERED NURSE MELINDA
18  CONSOLE was a Registered Nurse for the Santa Cruz County Jail. In committing the
19  acts and omissions alleged in this complaint, RN CONSOLE was acting under color of
20  law and within the course and scope of her employment with the Santa Cruz County
21  Jail and SANTA CRUZ COUNTY. RN CONSOLE is sued in her individual capacity.

22  23.  At all times relevant herein, REGISTERED NURSE KATHLEEN
23  BOLAND was a Registered Nurse for the Santa Cruz County Jail. In committing the
24  acts and omissions alleged in this complaint, RN BOLAND was acting under color of
25  law and within the course and scope of her employment with the Santa Cruz County
26  Jail and SANTA CRUZ COUNTY. RN BOLAND is sued in her individual capacity.

27  24.  At all times relevant herein, CERTIFIED HEALTH WORKER (CHW)
28  MARIA ALEJO was a Certified Health Worker for the Santa Cruz County Jail. In

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
Cross v. Santa Cruz County, et al.

Page 5

committing the acts and omissions alleged in this complaint, CHW ALEJO was acting under color of law and within the course and scope of her employment with the Santa Cruz County Jail and SANTA CRUZ COUNTY. CHW ALEGO is sued in her individual capacity.

25. Plaintiffs are ignorant of the true names and capacities of defendants DOES 1 through 50, and therefore sue these defendants by such fictitious names. Plaintiffs will amend their complaint to state the true names and capacities of defendants DOES 1 through 50 when they have been ascertained. Any reference in this complaint to "defendant," "defendants," or to an individually-named defendant also refers to defendants DOES 1 through 50.

26. Each defendant sued in this complaint acted as the agent or employee of every other defendant.

## FACTS GIVING RISE TO THE COMPLAINT

27. On September 17, 2005, at approximately 2:50 p.m., DAVID CROSS was arrested. At approximately 3:00 p.m., DAVID CROSS was booked into the Santa Cruz County Jail. Throughout the booking process, DAVID CROSS was cooperative, and the process was completed without incident.

28. At approximately 5:30 p.m., DAVID CROSS spoke with the jail nurse. He indicated that he suffered from anxiety for which he was prescribed Lorazepam.

29. Thereafter, DAVID CROSS was housed in a cell on the medical unit for observation. While there, Defendants observed him lying on the cell floor and striking his head against the cell door.

30. Initially, Defendant ASCO ENRICO made the decision to place DAVID CROSS in a padded cell. Defendant SGT. ROSALES-BUIE overruled this decision, and instructed that DAVID CROSS be placed in a restraint chair.

31. It took Defendants several minutes to prepare to place DAVID CROSS in a restraint chair. During this time, DAVID CROSS stopped and did not at any time resume striking his head against the cell door or otherwise engaging in potentially

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
Cross v. Santa Cruz County, et al.

Page 6

injurious conduct.

32. Nevertheless, at 10:40 p.m., four Defendant Correctional Officers entered DAVID CROSS's cell. Numerous other Defendants stood by, immediately outside the cell. Defendants handcuffed DAVID CROSS, who was lying on his stomach, behind his back. They placed a spit mask over his face. They placed shackles on his legs and ran the shackle chain up through the handcuffs, retracting his lower legs upward. During this process, DAVID CROSS could be heard to scream, "I can't breath," "I'm going to die," and to struggle to breath. Rather than assisting him, or in any way responding to his complaint, Defendants continued to hold him down and Defendant SGT. ROSALES-BUIE proceeded to "drive tase" him twice. She then sat on his upper back, with her feet resting on the floor in front of his head. Defendant CO BESK placed a foot on DAVID CROSS'S upper back and neck. DAVID CROSS repeated his screams of, "I can't breath," "I'm going to die," "please get off of me," several times to no avail.

33. Approximately three and a half minutes into this process, DAVID CROSS stopped moving.

34. Soon thereafter, Defendants lifted DAVID CROSS and carried him out of his cell to the restraint chair. He appeared totally flaccid and inert. His body was limp and he had voided his bladder. Although medical staff was standing by, no one made any attempt to check his medical condition.

35. For the several minutes that it took Defendants to strap DAVID CROSS into the restraint chair, Defendants held his head pressed tightly down against his chest. Although medical staff continued to stand by, no one made any attempt to check his medical condition.

36. Approximately sixteen minutes and thirteen seconds into the restraint procedure, a Defendant nurse checked DAVID CROSS's pulse. She could not locate it.

37. Approximately seventeen minutes and twenty-nine seconds into the

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

COMPLAINT
Cross v. Santa Cruz County, et al.

Page 7

restraint procedure, the Defendant nurse initiated assisted breathing, and paramedics were called. The paramedics arrived at approximately 11:08 p.m.

38. At approximately 11:34 p.m., DAVID CROSS was transported to Dominican Hospital. Although DAVID CROSS's father's name and telephone number was known to Defendants, they made no attempt to contact his family to tell them of his serious condition. Instead, Defendant ROSALES-BUIE gave the hospital staff false and misleading information about what had happened, thereby inhibiting the provision of proper medical care.

39. At approximately 6:18 p.m. on September 18, 2005, DAVID CROSS was pronounced dead.

40. The Santa Cruz County Sheriff-Coroner's autopsy revealed that the cause of death was anoxic encephalopathy due to cardiopulmonary arrest; asphyxiation; and chest compression during restraint procedure.

41. Plaintiffs are informed and believe, and on that basis allege that Defendants SANTA CRUZ COUNTY, SHERIFF-CORONER ROBBINS, CHIEF LOFANO, LT. PAYNE, SGT. ROSALES-BUIE and DOES 1 through 50 failed to adequately train, supervise, and discipline the employees of the Santa Cruz County Jail with respect to restraint procedures, duty to provide medical assistance to detainees, and the use of force.

42. Plaintiffs are informed and believe, and on that basis allege that defendants SANTA CRUZ COUNTY, SHERIFF-CORONER ROBBINS, CHIEF LOFANO, LT. PAYNE, SGT. ROSALES-BUIE and DOES 1 through 50 had actual and/or constructive knowledge that the failure to adequately train, supervise, and discipline correctional officers and employees would cause violations of citizen's personal and constitutional rights. The inadequate supervision, training, and discipline of Santa Cruz County Correctional Officers and employees regarding restraint procedures, duty to provide medical assistance to detainees and the use of force, demonstrates the existence of a de facto custom or policy that tolerates and promotes

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

COMPLAINT
Cross v. Santa Cruz County, et al.

Page 8

the misconduct and violations of constitutional rights, including the misconduct described in this complaint.

### DAMAGES

43. Plaintiffs BRITTNEY CROSS, JEAN CROSS, LEROY CROSS and GREGORY CROSS were physically, mentally, emotionally, and financially injured and damaged as a proximate result of the wrongful killing of DAVID CROSS. Plaintiffs have suffered the loss of decedent's society, comfort, protection, companionship, love, solace, affection, and moral support, as well as the loss of decedent's financial support and future financial support. Plaintiffs have also suffered the violation of their constitutional rights, and loss of the sense of security, dignity, and pride as citizens and residents of the United States of America. In addition to these damages, Plaintiffs are entitled to recover the reasonable value of funeral and burial expenses.

44. As a proximate result of Defendants' conduct, decedent incurred medical expenses and suffered physical pain, emotional distress, violation of his constitutional rights, and the loss of the sense of security, dignity, and pride as a resident of the United States of America.

45. The conduct of Defendants was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against the individually named Defendants.

46. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights, and the rights of decedent under the law. Plaintiffs are therefore entitled to recover all attorney's fees incurred in relation to this action pursuant to Title 42 United States Code section 1988.

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. Section 1983
### Violation of Decedent's Rights
### By Brittney Cross Against All Defendants

47. Plaintiff BRITTNEY CROSS, as successor in interest to the ESTATE OF DAVID CROSS, realleges and incorporates by reference paragraphs 1 through 46 as

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
Cross v. Santa Cruz County, et al.

Page 9

though fully set forth in this cause of action.

48. Defendants acted under color of law in maintaining custody over DAVID CROSS and restraining him, thereby depriving him of certain constitutionally-protected rights, including but not limited to the right to be free from the use of excessive force by law enforcement officers, as guaranteed by the fourth amendment to the United States Constitution, and the right to due process of persons in custody not to have officials remain deliberately indifferent to their serious medical needs, as guaranteed by the fourteenth amendment to the United States Constitution.

49. As a proximate result of the conduct of Defendants, decedent suffered physical pain and emotional distress and incurred general damages for the deprivation of his constitutional rights.

50. Defendants acted in reckless and callous disregard for the constitutional rights of decedent, and with willful oppression and malice. Plaintiffs therefore seek an award of punitive damages against each Defendant.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. Section 1983
**By Plaintiffs BRITTNEY CROSS, JEAN CROSS, LEROY CROSS and GREGORY CROSS,**
**In Their Personal Capacities**
**Against All Defendants**

51. Plaintiffs, BRITTNEY CROSS, JEAN CROSS, LEROY CROSS and GREGORY CROSS, in their personal capacities, reallege and incorporate by reference paragraphs 1 through 50 as though fully set forth in this cause of action.

52. The killing of DAVID CROSS without lawful justification or provocation constituted an arbitrary abuse of power under color of state law, committed with deliberate indifference to the rights of decedent's family members. The conduct of all Defendants therefore violated the liberty interest of BRITTNEY CROSS, JEAN CROSS, LEROY CROSS and GREGORY CROSS, in their personal capacities, in

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
*Cross v. Santa Cruz County, et al.*

Page 10

maintaining their familial relationships with decedent, an interest which is protected by the fourteenth amendment to the United States Constitution.

53. As a proximate result of Defendants' violations of Plaintiffs' fourth and fourteenth amendment rights, Plaintiffs suffered the loss of the love, companionship, society, comfort, services, and moral and financial support of the decedent, and their sense of security, dignity, and pride as citizens and residents of the United States of America.

54. Defendants acted in reckless and callous disregard for the constitutional rights of Plaintiffs, and with willful oppression and malice. Plaintiff therefore seeks an award of punitive damages against defendants.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### THIRD CLAIM FOR RELIEF
### 42 U.S.C. Section 1983
### By All Plaintiffs Against Defendants SANTA CRUZ COUNTY, SHERIFF-CORONER ROBBINS, CHIEF LOFANO, LT. PAYNE, SGT. ROSALES-BUIE and DOES 1 through 50, in their official capacities

55. Plaintiffs BRITTNEY CROSS, JEAN CROSS, LEROY CROSS and GREGORY CROSS, in their personal capacities, and BRITTNEY CROSS as successor in interest to the ESTATE OF DAVID CROSS, reallege and incorporate by reference paragraphs 1 through 54 as though fully set forth in this cause of action.

56. The policies, practices, acts and omissions of defendants SANTA CRUZ COUNTY, SHERIFF-CORONER ROBBINS, in his official capacity, CHIEF LOFANO, in his official capacity, LT. PAYNE, in his official capacity, SGT. ROSALES-BUIE in her official capacity, and DOES 1 through 50, the deliberate indifference of such Defendants, and the adoption and ratification of the misconduct of SGT. ROSALES BUIE, ASCO ENRICO, CO BESK, CO FORBUS, CO ROLAND, CO DALBESIO, CO LUSTIG, CO FLORES, CO CORUM, RN COBURN, RN CONSOLE, RN BOLAND, CHW ALEJO and DOES 1 through 50, as described in this complaint,

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
*Cross v. Santa Cruz County, et al.*

were moving forces behind the violations of constitutional rights and the resulting damages suffered by Plaintiffs and by Plaintiffs' decedent.

WHEREFORE, plaintiffs pray for relief as set forth below.

## FOURTH CLAIM FOR RELIEF
### 42 U.S.C. Section 1983
### By All Plaintiffs
### Against Defendants , SHERIFF-CORONER ROBBINS, CHIEF LOFANO, LT. PAYNE, SGT. ROSALES-BUIE and DOES 1 through 50, in their individual capacities

57. Plaintiffs BRITTNEY CROSS, JEAN CROSS, LEROY CROSS and GREGORY CROSS, in their personal capacities, and BRITTNEY CROSS as successor in interest to the ESTATE OF DAVID CROSS, reallege and incorporate by reference paragraphs 1 through 56 as though fully set forth in this cause of action.

58. Plaintiffs are informed and believe and on that basis allege that Defendants SHERIFF-CORONER ROBBINS in his individual capacity, CHIEF LOFANO in his individual capacity, LT. PAYNE in his individual capacity, SGT. ROSALES-BUIE in her individual capacity, and DOES 1 through 50, participated in the violation of Plaintiffs' rights by failing to provide adequate training, supervision, discipline, and control of Santa Cruz County Jail employees with respect to the constitutionally appropriate restraint procedures, attendance to detainees' medical needs, and use of force, and with respect to employing safe and constitutionally-permissible means of performing necessary Sheriff functions.

59. Plaintiffs are further informed and believe and on that basis allege that defendants SHERIFF-CORONER ROBBINS, CHIEF LOFANO and DOES 1 through 50 participated in the violation of plaintiffs' rights by ratifying the conduct of defendant SGT. ROSALES BUIE, ASCO ENRICO, CO BESK, CO FORBUS, CO ROLAND, CO DALBESIO, CO LUSTIG, CO FLORES, CO CORUM, RN COBURN, RN CONSOLE, RN BOLAND, CHW ALEJO and DOES 1 through 50, as described in this complaint, thereby acquiescing in the deprivation of plaintiffs' rights.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
Cross v. Santa Cruz County, et al.

Page 12

### FIFTH CLAIM FOR RELIEF
### Cal. Govt. Code § 845.6
### Violation of Decedent's Rights
### Against Defendants SGT. ROSALES-BUIE, ASCO ENRICO, CO BESK, CO FORGUS, CO ROLAND, CO DALBESIO, CO LUSTIG, CO FLORES, CO CORUM, RN COBURN, RN CONSOLE, RN BOLAND, CHW ALEJO and DOES 1 through 50

60.  Plaintiff BRITTNEY CROSS, as the successor in interest to the ESTATE OF DAVID CROSS, realleges and incorporates by reference paragraphs 1 through 59 as though fully set forth in this cause of action.

61.  Defendants SGT. ROSALES-BUIE, ASCO ENRICO, CO BESK, CO FORBUS, CO ROLAND, CO DALBESIO, CO LUSTIG, CO FLORES, CO CORUM, RN COBURN, RN CONSOLE, RN BOLAND, CHW ALEJO and DOES 1-50 knew or had reason to know that DAVID CROSS was in need of immediate medical care and failed to take reasonable action to summon such medical care in violation of California Government Code section 845.6.

62.  As a proximate result of the conduct of Defendants, decedent incurred medical expenses, suffered physical pain and emotional distress and incurred general damages.

63.  Defendants acted in reckless and callous disregard for the statutory rights of decedent, and with willful oppression and malice. Plaintiffs therefore seek an award of punitive damages against these Defendants.

### SIXTH CLAIM FOR RELIEF
### WRONGFUL DEATH
### By All Plaintiffs
### Against All Defendants

64.  Plaintiffs, BRITTNEY CROSS, JEAN CROSS, LEROY CROSS and GREGORY CROSS, in their personal capacities, and BRITTNEY CROSS, as successor in interest to the ESTATE OF DAVID CROSS, reallege and incorporate by reference paragraphs 1 through 63 as though fully set forth in this cause of action.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

COMPLAINT
Cross v. Santa Cruz County, et al.

Page 13

65. On January 31, 2006, all plaintiffs save Gregory Cross, delivered a government claim pursuant to Government Code § 910.6 to the County of Santa Cruz. To date, said claim has neither been denied or accepted by the County.

66. At all times mentioned in this complaint, defendants had a duty to use reasonable care to avoid causing foreseeable harm to decedent and to refrain from committing intentional torts against decedent DAVID CROSS. Defendants SHERIFF-CORONER ROBBINS in his individual capacity, CHIEF LOFANO in his individual capacity, LT. PAYNE in his individual capacity, SGT. ROSALES-BUIE in her individual capacity, and DOES 1 through 50, breached these duties while acting within the course and scope of their employment in negligently using excessive and deadly force against decedent, DAVID CROSS and in causing decedent's death and in committing intentional acts against decedent DAVID CROSS.

47. Defendants SHERIFF-CORONER ROBBINS in his individual capacity, CHIEF LOFANO in his individual capacity, LT. PAYNE in his individual capacity, SGT. ROSALES-BUIE in her individual capacity, and DOES 1 through 50, breached their duty of care, in negligently hiring, training, retaining, supervising, and disciplining SHERIFF-CORONER ROBBINS in his individual capacity, CHIEF LOFANO in his individual capacity, LT. PAYNE in his individual capacity, SGT. ROSALES-BUIE in her individual capacity, and DOES 1 through 50. In doing the acts alleged herein, defendants SGT. ROSALES BUIE, ASCO ENRICO, CO BESK, CO FORBUS, CO ROLAND, CO DALBESIO, CO LUSTIG, CO FLORES, CO CORUM, RN COBURN, RN CONSOLE, RN BOLAND, and CHW ALEJO were acting within the scope of their employment. The negligent acts and omissions of defendants, and each of them, proximately caused the decedent's death.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

COMPLAINT
*Cross v. Santa Cruz County, et al.*

48. Plaintiffs BRITTNEY CROSS, JEAN CROSS, LEROY CROSS and GREGORY CROSS, in their personal capacities, were dependent upon decedent for financial support and for love, society, comfort, companionship, and moral support. As a proximate result of the defendants' negligence and the wrongful death of plaintiffs' decedent, plaintiffs BRITTNEY CROSS, JEAN CROSS, LEROY CROSS and GREGORY CROSS, have suffered pecuniary damages.

WHEREFORE, Plaintiffs pray for relief as follows:

1. For general damages, according to proof;

2. For special damages, including medical expenses, according to proof;

3. For pecuniary damages, according to proof;

4. For funeral and burial expenses according to proof;

5. For punitive damages against the individually-named defendants;

6. For attorneys' fees pursuant to 42 U.S.C. section 1988;

7. For costs of suit incurred herein; and

8. For such other and further relief as the court may deem just and proper.

Dated: August 14, 2006

By: ANDREW C. SCHWARTZ
CASPER, MEADOWS, SCHWARTZ & COOK
Attorneys for Plaintiffs

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

COMPLAINT
*Cross v. Santa Cruz County, et al.*