1  Clyde A. Thompson, SBN 72920
   Benjamin A. Thompson, SBN 236590
2  John C. Won, SBN  242743
   HAAPALA, ALTURA, THOMPSON & ABERN, LLP
3  1939 Harrison Street, Suite 800
   Oakland, California 94612
4  Tel:     510-763-2324
   Fax:    510-273-8570
5
   Attorneys For Defendants
6  SANTA CRUZ COUNTY, SHERIFF CORONER STEVE ROBBINS,
   CHIEF LEN LOZANO, LT. BOB PAYNE, ACTING SUPERVISOR
7  CORRECTIONAL OFFICER SCOTT ENRICO;
   CORRECTIONAL OFFICERS KENNY BESK, DANIEL FORBUS,
8  ERIC ROLAND, NICOLE LUSTIC, RICK FLORES, CURT CORUM,
   and R. DALBESIO; RN SUE COBURN, RN MELINDA CONSOLE,
9  RN KATHRYN BOLAND and CHW MARIA ALEJO

10 Andrew C. Schwartz (State Bar No. 64578)
   CASPERS, MEADOWS, SCHWARTZ & COOK
11 A Professional Corporation
   2121 North California Blvd. Suite 1020
12 Walnut Creek, CA  94596
   Tel: 925-947-1147
13 Fax: 925-947-1131                          *E-FILED 1/25/07*

14 Attorney for Plaintiffs

15 Karen L. Snell (State Bar No. 100266)
   Attorney at Law
16 102 Buena Vista Terrace
   San Francisco, CA  94117
17 Tel: 415-225-7592
   Fax: 415-487-0748
18

19 Attorney for Plaintiffs

20 Vincent P. Hurley (SBN 111215)
   Douglas F. Young (SBN  84531)
21 Law Offices of Vincent P. Hurley
   A Professional Corporation
22 38 Seascape Village
   Aptos, CA  95003
23 Tel: 831-661-4800
   Fax: 831-661-4804
24

25 Attorney for Defendant Sgt. Leticia Rosales-Buie

26

27

28

*Estate of Cross, et al. v. Santa Cruz County, et al./*Case #C06-04891 RS
STIPULATED PROTECTIVE ORDER

Haapala, Altura, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

| | |
|---|---|
| ESTATE OF DAVID CROSS, BRITTNEY CROSS, LEROY CROSS, JEAN CROSS, and GREGORY CROSS,<br><br>  Plaintiffs,<br><br>  vs.<br><br>SANTA CRUZ COUNTY, SHERIFF CORONER STEVE ROBBINS, individually and in his official capacity; CHIEF LEN LOZANO, individually and in his official capacity; LT. BOB PAYNE, individually and in his official capacity; SGT. ROSALES-BUIE, individually and in her official capacity; ACTING SUPERVISOR CORRECTIONAL OFFICER SCOTT ENRICO, individually and in his official capacity; CORRECTIONAL OFFICERS KENNY BESK, DANIEL FORBUS, ERIC ROLAND, NICOLE LUSTIC, RICK FLORES, CURT CORUM, and R. DALBESIO, individually; RN SUE COBURN, RN MELINDA CONSOLE, RN KATHLEEN BOLAND and CHW MARIA ALEJO, individually; and DOES 1 through 50, individually and/or in their official capacities,<br><br>  Defendants. | Case No.: C06-04891 RS<br><br>**STIPULATED PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, security sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential  Prior to the entry of a Protective Order, counsel for Santa Cruz provided a copy of the Santa Cruz County Sheriff's Office Internal Affairs and Criminal Investigation report to plaintiff's counsel, Mr. Andrew Schwartz, pursuant to a written

1

agreement date February 23, 2006, to maintain the confidentiality of the contents of the disclosed documentation in accordance with a court issued protective order. The parties agree this request for a protective order is therefore applicable to that prior, pre-litigation disclosure. (Binder marked "CONFIDENTIAL" with documents bates number 000001 to 000578).

The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1   Party:   any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material:   all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items:   information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4   Receiving Party:   a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5   Producing Party:   a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6   Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7   Protected Material:   any Disclosure or Discovery Material that is designated as "Confidential."

2.8   Outside Counsel:   attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2

*Estate of Cross, et al. v. Santa Cruz County, et al./*Case #C06-04891 RS
STIPULATED PROTECTIVE ORDER

2.9   House Counsel:   attorneys who are employees of a Party.

2.10   Counsel (without qualifier):   Outside Counsel and House Counsel (as well as their support staffs).

2.11   Expert:   a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party.

2.12   Professional Vendors:   persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.   Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are

3

*Estate of Cross, et al. v. Santa Cruz County, et al.*/Case #C06-04891 RS
STIPULATED PROTECTIVE ORDER

shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, that part "CONFIDENTIAL."

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.   During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."   After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend "CONFIDENTIAL." on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

1 making appropriate markings in the margins) and must specify, for each portion, that portion as
2 "CONFIDENTIAL."

3     (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u> that the
4 Party or non-party offering or sponsoring the testimony identify on the record, before the close
5 of the deposition, hearing, or other proceeding, all protected testimony, and further specify any
6 portions of the testimony that qualify as "CONFIDENTIAL."  When it is impractical to identify
7 separately each portion of testimony that is entitled to protection, and when it appears that
8 substantial portions of the testimony may qualify for protection, the Party or non-party that
9 sponsors, offers, or gives the testimony may invoke on the record (before the deposition or
10 proceeding is concluded) a right to have up to 30 days to identify the specific portions of the
11 testimony as to which confidentiality protection is sought. Only those portions of the testimony
12 that are appropriately designated for protection within the 30 days shall be covered by the
13 provisions of this Stipulated Protective Order.

14     Transcript pages containing Protected Material must be separately bound by the
15 court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as
16 instructed by the Party or non-party offering or sponsoring the witness or presenting the
17 testimony.

18     (c) <u>for information produced in some form other than documentary, and for any
19 other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the
20 container or containers in which the information or item is stored the legend
21 "CONFIDENTIAL." If only portions of the information or item warrant protection, the
22 Producing Party, to the extent practicable, shall identify the protected portions.

23     5.3    <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to
24 designate qualified information or items as "Confidential" does not, standing alone, waive the
25 Designating Party's right to secure protection under this Order for such material. If material is
26 appropriately designated as "Confidential"  after the material was initially produced, the
27 Receiving Party, on timely notification of the designation, must make reasonable efforts to
28 assure that the material is treated in accordance with the provisions of this Order.

5
*Estate of Cross, et al. v. Santa Cruz County, et al./*Case #C06-04891 RS
STIPULATED PROTECTIVE ORDER

### 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges.</u> Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer.</u>  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     <u>Judicial Intervention.</u> A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

### 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     <u>Basic Principles.</u>  A Receiving Party may use Protected Material that is disclosed

1 or produced by another Party or by a non-party in connection with <u>this case only</u> for
2 prosecuting, defending, or attempting to settle this litigation.   Such Protected Material may be
3 disclosed only to the categories of persons and under the conditions described in this Order.
4 When the litigation has been terminated, a Receiving Party must comply with the provisions of
5 section 11, below (FINAL DISPOSITION).

6     Protected Material must be stored and maintained by a Receiving Party at a location and
7 in a secure manner that ensures that access is limited to the persons authorized under this Order.

8     7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise
9 ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
10 disclose any information or item designated CONFIDENTIAL only to:

11     (a)  the Receiving Party's Counsel in this action, as well as employees of said
12 Counsel as well as professional vendors as defined in this order to whom it is reasonably
13 necessary to disclose the information for this litigation;

14     (b)  experts (as defined in this Order) of the Receiving Party to whom disclosure is
15 reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
16 Protective Order" (Exhibit A);

17     (c)  the Court and its personnel;

18     (d)  court reporters, their staffs, and professional vendors to whom disclosure is
19 reasonably necessary for this litigation.

20     (e)  during their depositions, witnesses in the action to whom disclosure is
21 reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that
22 reveal Protected Material must be separately bound by the court reporter and may not be
23 disclosed to anyone except as permitted under this Stipulated Protective Order.

24     (f)  the author of the document or the original source of the information.

25     8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>
26 <u>OTHER LITIGATION.</u>

27     If a Receiving Party is served with a subpoena or an order issued in other litigation that
28 would compel disclosure of any information or items designated in this action as

7

1  "CONFIDENTIAL" the Receiving Party must so notify the Designating Party, in writing (by
2  fax, if possible) immediately and in no event more than 5 court days after receiving the
3  subpoena or order. Such notification must include a copy of the subpoena or court order.
4      The Receiving Party also must immediately inform in writing the Party who caused the
5  subpoena or order to issue in the other litigation that some or all the material covered by the
6  subpoena or order is the subject of this Protective Order.   In addition, the Receiving Party must
7  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that
8  caused the subpoena or order to issue.
9      The purpose of imposing these duties is to alert the interested parties to the existence of
10 this Protective Order and to afford the Designating Party in this case an opportunity to try to
11 protect its confidentiality interests in the court from which the subpoena or order issued. The
12 Designating Party shall bear the burdens and the expenses of seeking protection in that court of
13 its confidential material - and nothing in these provisions should be construed as authorizing or
14 encouraging a Receiving Party in this action to disobey a lawful directive from another court.
15     9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>
16     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
17 Material to any person or in any circumstance not authorized under this Stipulated Protective
18 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the
19 unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,
20 (c) inform the person or persons to whom unauthorized disclosures were made of all the terms
21 of this Order, and (d) request such person or persons to execute the "Acknowledgment and
22 Agreement to Be Bound" that is attached hereto as Exhibit A.
23     10. <u>FILING PROTECTED MATERIAL.</u>
24     Without written permission from the Designating Party or a court order secured after
25 appropriate notice to all interested persons, a Party may not file in the public record in this
26 action any Protected Material. A Party that seeks to file under seal any Protected Material must
27 comply with Civil Local Rule 79-5.
28 /

Haapala, Altura, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

11. <u>FINAL DISPOSITION.</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.   Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the

/
/
/
/

9
*Estate of Cross, et al. v. Santa Cruz County, et al./*Case #C06-04891 RS
STIPULATED PROTECTIVE ORDER

1 material covered by this Protective Order.

2 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3 Dated: January 24, 2007                CASPERS, MEADOWS, SCHWARTZ & COOK

4                                        By    */s/ Andrew C. Schwartz
                                              ANDREW C. SCHWARTZ
5                                             Attorneys for Plaintiffs
                                              *Mr. Schwartz provided his consent that this
6                                             Stipulation be filed

7 Dated:  January 24, 2007               LAW OFFICE OF KAREN L. SNELL

8
                                         By    */s/ Karen L. Snell
9                                             KAREN L. SNELL
                                              Attorney for Plaintiffs
10                                            *Ms. Snell provided her consent that this
                                              Stipulation be filed
11

12 Dated:  January 24, 2007              LAW OFFICES OF VINCENT P. HURLEY

13
                                         By    */s/ Vincent P. Hurley
14                                            VINCENT P. HURLEY
                                              Attorneys for Defendant,
15                                            Sgt. Leticia Rosales-Buie
                                              *Mr. Hurley provided his consent that this
16                                            Stipulation be filed

17 Dated:  January 24, 2007              HAAPALA, ALTURA, THOMPSON & ABERN LLP

18
                                         By         /s/ Clyde A. Thompson
19                                            CLYDE A. THOMPSON
                                              Attorney for Defendant
20                                            COUNTY OF SANTA CRUZ

21 PURSUANT TO STIPULATION, IT IS SO ORDERED.

22 Dated: January  26 , 2007

23
                                         _____
24                                       HONORABLE RICHARD SEEBORG
                                         United States Magistrate Judge
25

26

27

28

10

*Estate of Cross, et al. v. Santa Cruz County, et al./*Case #C06-04891 RS
STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on January ___, 2007, in the case of  ESTATE OF DAVID CROSS, BRITTNEY CROSS, LEROY CROSS, JEAN CROSS and GREGORY CROSS v. SANTA CRUZ COUNTY, SHERIFF CORONER STEVE ROBBINS, individually and in his official capacity, CHIEF LEN LOFANO, individually and in his official capacity, LT. BOB PAYNE, individually and in his official capacity, SGT. ROSALES-BUIE, individually and in her official capacity, ACTING SUPERVISOR CORRECTIONAL OFFICER SCOTT ENRICO, individually and in his official capacity, CORRECTIONAL OFFICERS KENNY BESK, DANIEL FORBUS, ERIC ROLAND, NICOLE LUSTIC, RICK FLORES, CURT CORUM, and R. DALBESIO, individually; RN SUE COBURN, RN MELINDA CONSOLE, RN KATHRYN BOLAND and CHW MARIA ALEJO, individually; and DOES 1 through 50, individually and/or in their official capacity; Case No.  C06-04891 RS.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.   I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related

Haapala, Altura, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone:  510-763-2324
Facsimile:  510-273-8570

1  to enforcement of this Stipulated Protective Order.

2  Dated: _____, 2007.

3  City and State where sworn and signed: _____

4  Printed Name: _____

5  Signature:         _____

Haapala, Altura, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

Exhibit A/ Pg 2
*Estate of Cross, et al. v. Santa Cruz County, et al./*Case #C06-04891 RS
STIPULATED PROTECTIVE ORDER