***E-FILED 3/16/07***

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ESTATE OF DAVID CROSS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SANTA CRUZ COUNTY, et al., <br><br> Defendants. | No. 06-04891 RS <br><br> **ORDER DENYING DEFENDANTS' MOTION TO QUASH AND DENYING PLAINTIFFS' MOTION FOR SANCTIONS** |

I. INTRODUCTION

In this action under 42 U.S.C. section 1983 and state law, defendants move to quash a subpoena duces tecum served by plaintiffs on the Santa Cruz County Civil Service Commission. The subpoena seeks records of an administrative appeal hearing wherein defendant Sgt. Rosales-Buie challenged the discipline imposed on her after the incident that gave rise to this suit. Plaintiffs, in turn, move for sanctions, contending that defendants' refusal to allow the records to be produced constitutes discovery abuse. Both motions were fully briefed and heard by the Court on March 7, 2007. Based on all papers filed to date, as well as on the oral argument of counsel, defendants' motion to quash and plaintiffs' motion for sanctions are both denied, for the reasons set forth below.

## II.  BACKGROUND

This action arises from the in-custody death of David Cross.  Cross was arrested and booked into Santa Cruz County Jail on September 17, 2005.  During his confinement, sheriff's deputies correctional officers extracted him from his cell by force.  Cross suffered cardiac arrhythmia during the event and died at the hospital that night.  The Sheriff-Coroner of Santa Cruz County conducted an internal investigation and took disciplinary action against Sgt. Rosales-Buie, who was the acting supervisor of the Santa Cruz County Jail on the night of the event.  Pursuant to California Government Code section 3304(b) and the Sheriff-Coroner's grievance procedure, Sgt. Rosales-Buie invoked her right to an administrative appeal.  The appeal was heard before the Santa Cruz County Civil Service Commission in September of 2005.

Plaintiffs are the estate of David Cross and members of his family, who have sued Santa Cruz County and various county employees, including Sgt. Rosales-Buie.  Plaintiffs allege Cross's death resulted from excessive force.  The subpoena in dispute seeks all pleadings and documents submitted to the Commission and audio recordings and transcripts of the proceedings during Sgt. Rosales-Buie's administrative appeal. Defendants have moved to quash, and shortly before the hearing, the Commission filed a joinder in the motion.

## III.  LEGAL STANDARDS

Under Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure, a court "shall quash or modify" the subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies."  Federal common law recognizes a qualified privilege for official information.  *Kerr v. United States Dist. Ct. For N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975), *aff'd* 426 U.S. 394 (1976).  Government personnel files are considered official information. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1034 (9th Cir. 1990).  To determine whether the information sought is privileged, the court must weigh the potential benefits of disclosure against the potential disadvantages.  If the disadvantages outweigh the benefits, the privilege bars discovery.  *Id.*

IV.  DISCUSSION

A. <u>Defendants' Motion to Quash</u>

Defendants assert the official information privilige applies to the documents and records plaintiffs are seeking.  Defendants acknowledge that courts have consistently refused to apply the privilege to bar discovery of  internal investigations and disciplinary proceedings in civil rights cases such as this, but defendants argue that the reasoning of such cases should not be extended to the administrative *appeal* proceedings in dispute here.

For defendants to distinguish records of administrative appeals from records of initial internal investigations and discipline, defendants must show that the disclosure of  appeal records would have consequences beyond or different from those that courts have already considered in cases involving records of first level proceedings.  Defendants assert that disclosure of the appellate records would undermine the government's interest in preserving the confidentiality and candor of administrative appeals.  Defendants further contend that disclosure of the records would threaten the government's interest in effective law enforcement.  In essence, defendants argue that disclosure would impair the effectiveness of the internal investigation system.

These contentions, however, have already been rejected in the context of internal investigation and disciplinary proceedings.  In *Soto v. City of Concord*,162 F.R.D. 613 (N.D.Cal.1995) the court held that a general assertion that the government agency's internal investigatory system would be harmed by disclosure of the documents is insufficient to meet the initial threshold for invoking the official information privilege. Defendants have failed to show that disclosure of the administrative appeal records would have additional or different consequences thereby distinguishing these records from the situation found in *Soto*.[1]

---

[1] In a recent case involving the California Public Records Act ("CPRA"), the California Supreme Court ruled that state agency's internal administrative appeals records are part of the state's employee personnel records. *See Copley Press Inc. v. The Superior Court of San Diego County*, 39 Cal. 4th 1272, 1278 ( 2006). Although the issue in *Copley* was only whether the records were subject to the provisions of the CPRA, the court's conclusion that appeals documents were no different from other employment records further undermines the distinction defendants are attempting to draw here. Additionally, defendants' reliance on the fact that the records in *Copley* ultimately were protected from disclosure is misplaced, given that the

3

1  Defendants also seek a novel application of attorney work product doctrine.  Despite the
2 fact that the information sought consists of materials filed with the Commission or the
3 proceedings *of* the Commission in a adversarial context, defendants contend that because the
4 parties were operating under an expectation of privacy, those materials can still be considered
5 "work product" that should not be disclosed to their *present* joint adversaries, the plaintiffs in
6 this case.  Defendants, however, have cited no authority applying work product protection in
7 circumstances such as these, and the Court is aware of none.

8  Finally, at the hearing, defendants urged the Court to limit what must be produced to no
9 more than transcripts of testimony under oath and any exhibits admitted into evidence.  As that
10 limitation appears appropriate in light of the unlikelihood that attorney argument or
11 commissioners' questions or statements would lead to the discovery of admissible evidence,
12 defendants' motion will be granted to that extent, but otherwise denied.

13  B. <u>Plaintiffs' Motion for Sanctions</u>

14  Plaintiffs move for sanctions under Federal Rules of Civil Procedure 26(g) and 37(c).
15 The decision to award sanctions, including attorney fees and costs is discretionary.  *See National*
16 *Hockey League v. Metropolitan Hockey Club, Inc*., 427 U.S. 639, 642 (1976); *Telluride*
17 *Management Solutions, Inc. v. Telluride Investment Group*, 55 F.3d 463, 465 (9th Cir. 1995).

18  As defendants point out, neither Rule 37 nor Rule 26 is applicable here.  The only
19 sanctions generally available against a *non-party* (i.e., the Commission) for failure to comply
20 with a subpoena is contempt. *See Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494
21 (9th Cir. 1983).  Defendants' motion itself is not a discovery response or objection subject to
22 sanctions under Rule 26 or 37.

23  Evening assuming some other basis on which a sanctions award could rest, such as Rule
24 11, or the Court's inherent powers, the motion for sanctions should be denied.  While
25 Defendants' attempt to distinguish appeal proceedings ultimately was not persuasive, the issue
26 was neither governed by binding precedent nor was defendants' argument frivolous or indicative

---

28 standards for what must be disclosed publicly under the CPRA differs from the standards of what must be produced in discovery in federal civil litigation.

of bad faith so as to be sanctionable.

## V. CONCLUSION

Defendants' Motion to Quash is denied except as to the extent set forth above. The Commission shall produce, subject to the protective order in this action, all transcripts of testimony under oath and any exhibits admitted into evidence at the administrative appeal proceedings in question. Plaintiffs' Motion for Sanctions is denied.

**IT IS SO ORDERED.**

Dated: March 16, 2007

RICHARD SEEBORG
United States Magistrate Judge